OPINION OF THE COURT
James D. Pagones, J.
This petition by David Kagan, coexecutor and coresiduary legatee under the last will of the decedent, for an order directing *792 the sale by Samuel Enterprises, Inc. of real property described in the verified petition, and the liquidation of the subject corporation for the payment and distribution of its shares to the parties entitled to receive the same, is denied. Petition dismissed.
The decedent’s will was admitted to probate on November 20, 2003. Petitioner David Kagan and Michelle Kagan, his sister, are the coexecutors. They are also the coresiduary legatees under the will. There are no other beneficiaries named in the will.
The decedent died on October 21, 2001. On that date she owned 100% of the issued and outstanding shares of Samuel Enterprises, Inc., a New York corporation. The corporation was engaged in the business of owning and renting real property. The corporation was the owner of three parcels of real estate situated in Dutchess County on decedent’s date of death.
Michelle Kagan opposes the petition. She filed an answer on November 4, 2004, and recently filed an objection in point of law. Petitioner has filed his response.
The decedent’s will consists of a single page. The corporation is not mentioned. The decedent does not authorize the coexecutors to continue the business, nor define their authority, nor specify the estate assets that can be used to continue the business. (Turano and Radigan, New York Estate Administration § 12.07, at 431 [2005 ed].) The instrument simply bequeaths the entire residuary estate to David and Michelle.
A bequest or legacy is defined as “[a] transfer of personal property by will.” (SCPA 103 [9].) A legatee is “[a]ny person designated to receive a transfer by will of personal property.” (SCPA 103 [33].) Property is “[a]nything that may be the subject of ownership and is . . . personal property.” (SCPA 103 [44].) Stock is personal property. (4 Warren’s Heaton, Surrogates’ Courts ch 67 [6th ed rev].)
This is not a circumstance where the decedent did not specifically bequeath ownership of the shares of stock in Samuel Enterprises, Inc. under her will. In that situation ownership vests in the fiduciary who then has the sole authority to vote for officers and directors, as well as continue the business in its corporate form. There is no need for judicial intervention to authorize the fiduciary to continue the business, since the life of the corporation continues beyond that of the sole shareholder. SCPA 2108 (proceeding by fiduciary for continuation of a business) is therefore not generally applicable. (4 Warren’s Heaton, *793 Surrogates’ Courts § 62.06 [6] [c], at 62-101 [6th ed rev]; Ruben-stein, New York Surrogate’s Court § 17.11 [1], at 17-39 [2004 ed].)
In this estate, the decedent bequeathed her shares of stock equally to David Kagan and Michelle Kagan. They are now the owners of the corporation. As such, and absent their mutual agreement not present in this proceeding, their options for the relief requested in this petition can be found in either Business Corporation Law article 10, nonjudicial dissolution of a corporation, or article 11, judicial dissolution of a corporation.